UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

E-Filed
JS-6

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-5143-GHK (RCx) | Date | July 19, 2010 |
|---|---|---|---|
| Title | *Conejo Capital Partners, LLC v. Louis Henry Mages, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)** Order Remanding Action

On July 14, 2010, Defendants Louis Henry Mages and Patricia Ann Mages in their individual capacities and as trustors and trustees of the Mages Family Trust Agreement Dated July 9, 1984 (collectively "Defendants") removed this action to federal court. The form Complaint attached to the Notice of Removal reveals that this case presents a basic unlawful detainer action following the sale of the subject property in foreclosure. (Notice of Removal, Ex. A). Under the well-pleaded complaint rule, "a claim arises under federal law only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (citation and internal quotation marks omitted). Here, Plaintiff Conejo Capital Partners, LLC's Complaint contains no federal causes of action. Accordingly, Defendants' professed intent to file federal counterclaims is utterly irrelevant. (Notice of Removal ¶¶ 9, 11). Federal jurisdiction is dictated by the claims asserted in the Complaint.

Additionally, Defendants argue that non-party Bank of America, N.A., the beneficiary on the subject Deed of Trust, is an indispensable party. (*Id.* ¶ 5). They also contend that since the United States Department of the Treasury purchased preferred stock in Bank of America, N.A. ("BoA"), that it too is "an indispensible [*sic*] real party in interest." (*Id.*). As legal support, they cite 12 U.S.C. § 1819(b)(2)(A), which, contrary to Defendants' representations to this Court, in fact confers federal jurisdiction when the Federal Deposit Insurance Corporation is a party to a lawsuit. The FDIC is clearly not a party in this case. Furthermore, BoA, as the named beneficiary, and the United States Department of the Treasury are not indispensable parties to an unlawful detainer action.

In the absence of any basis for federal jurisdiction, we **REMAND** the above-captioned action to the state court from which it was removed.

**IT IS SO ORDERED.**

|   | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |

E-Filed
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5143-GHK (RCx) | Date | July 19, 2010 |
|---|---|---|---|
| Title | *Conejo Capital Partners, LLC v. Louis Henry Mages, et al.* | | |